UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

HYMAN E. MILLER, )
 )
    Plaintiff, ) No. 1:14-cv-00133
 ) Judge Haynes
v. )
 )
LAWRENCE COUNTY DETENTION )
CENTER, et al., )
 )
    Defendants. )

MEMORANDUM

Plaintiff, Hyman E. Miller, an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee, filed this pro se action against the Defendants: Lawrence County Detention Center; Lawrence County, Tennessee; One Stop Medical Center; and twelve named employees or former employees of the Lawrence County Detention Center or One Stop Medical Center in their official and individual capacities. Plaintiff asserts claims under the Americans with Disabilities Act (ADA) for several incidents at the Lawrence County Detention Center. (Docket Entry No. 1). Plaintiff seeks monetary damages and "some type of monitoring and oversight other than any County or State inspectors." Id. at 19.

According to his complaint, Plaintiff is a 60 year old disabled man who uses a wheelchair for mobility. Plaintiff alleges that the Detention Center was not equipped and accessible for the Plaintiff and others using wheelchairs. Id. at 11-12. As an example, Plaintiff alleges that, when his personal wheelchair broke, the Detention Center staff refused to repair or replace the wheelchair, but loaned him a facility wheelchair that "was too wide to even go through some of the doors and fit into

1

the toilet booth between concrete blocks." *Id.* at 12-13.

On January 23, 2014, the Plaintiff was allegedly taken from the Detention Center to Circuit Court. Handcuffs were placed on the Plaintiff's wrist, "leaving [him] with no means to propel [his] wheelchair." *Id.* at 15. When Plaintiff asked for help, Sergeant Gary Wells, Correctional Officer Blake Fletcher, and Correctional Officer Ben McDow allegedly told the Plaintiff: "Come on, you are not helpless" and also taunted and ridiculed Plaintiff. *Id.* Eventually Plaintiff was pushed into the courtroom, but when the judge called Plaintiff's name, without assistance, Plaintiff had to pull himself 30 to 40 feet to podium and had trouble when his jail issue shower shoe came off. *Id.* at 15-16.

Plaintiff also alleges that he has not received prompt and appropriate medical treatment, including the prescribing of medication for his chronic medical condition. Plaintiff alleges that this failure of treatment has left him "further deteriorated physical, mental, emotional, and spiritual condition worse than ever." *Id.* at 12.

Plaintiff next alleges that his personal religious property were seized, including Bibles, Bible correspondence course booklets and Bible study guides. *Id.* at 13. According to the Plaintiff, the Detention Center's staff refused to give Plaintiff his mail, including Bible studies, certificates, diplomas, and return postage-paid envelopes. *Id.* Additionally, Plaintiff alleges that other non-religious items, such as writing paper, thermal underwear, and socks have been seized, including legal materials that Plaintiff needed for a January 23, 2014 court appearance. *Id.* at 14.

On January 19, 2014, Plaintiff alleges that "upon call-out for church service" Shift Sergeant Ricky Waddle performed a body search and demanded Plaintiff leave the safety of his wheelchair to stand erect. Plaintiff alleges that he nearly fell while complying with Waddle's request. *Id.* For

this conduct, Plaintiff alleges interference with Plaintiff's ability to practice his religion through group services and Bible study programs.

Plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The dismissal standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings

3

drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998).

As to Defendant Lawrence County Detention Center, this Defendant is not a "person" that can be sued under Section 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the Court concludes that Plaintiff's complaint fails to state a Section 1983 claim upon which relief can be granted against the Lawrence County Detention Center.

Plaintiff also names as Defendants Jimmy Brown, Adam Brewer, Tony Crouch, Jamie Mahar, and Joel Hargrove, but does not allege any facts of these Defendants' wrongdoing. A plaintiff "must allege how each defendant was personally involved in the acts about which the plaintiff complains." *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). Plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Because the Plaintiff's allegations fail to describe how Brown, Brewer, Crouch,

Mahar, and Hargrove were personally involved in the acts, the Court concludes that Plaintiff's complaint against these Defendants fails to state claims upon which relief can be granted.

Some of the Plaintiff's Section 1983 claims are premised on a Defendant's response, or lack of response, to the Plaintiff's grievances. Allegations that an institution's grievance procedure was inadequate and/or unresponsive does not state a Section 1983 claim because there is not a constitutional right to an effective jail grievance procedure. *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Because a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the Court concludes that Plaintiff's claims for any Defendant's failure to respond to Plaintiff's grievances do not state a claim upon which relief can be granted.

Plaintiff's claims concerning the taking of his property fall within the purview of the Fourteenth Amendment if the state fails to provide a process for recovery. In *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), the Supreme Court stated that an unauthorized, intentional deprivation of property by a state employee "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Only after the state refuses to provide "a suitable postdeprivation remedy" does its liability in such a situation accrue. *Id.* ("For intentional ... deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy."). Although Plaintiff alleges that the Defendants intentionally deprived him of property without due process, Tennessee's postdeprivation remedy has been held adequate. *Brooks v. Dutton*, 751 F.2d 197, 199 (6th Cir. 1985). Thus, Plaintiff's Fourteenth

5

Amendment claim on the deprivation of property fails to state a claim.

As to his disability claims, the ADA prohibits prisons from discriminating against a qualified individual with a disability. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998). The Act defines "public entity" to include "any State or local government" and "any department, agency, ... or other instrumentality of a State." 42 U.S.C. § 12131(1). It prohibits such entities from discriminating against disabled persons in the operation of services, programs, or activities. The term "public entity" includes prison facilities. *Yeskey*, 524 U.S. at 210. Title II of the ADA authorizes actions by private citizens for money damages against public entities that violate § 12132. In *United States v. Garcia*, 546 U.S. 151 (2006), Title II of the ADA abrogated state sovereign immunity to create a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment.

In *Schmidt v. Odell*, 64 F. Supp.2d 1014, 1032 (D. Kan.1999), the plaintiff, a double amputee, alleged that the Cowley County Jail deprived him of a wheelchair or other accommodation and forced him to crawl and pull himself about the jail on the floor. In denying the jail summary judgment on the plaintiff's ADA claim, the court found that,

> [P]laintiff [ ] cited evidence that he was discriminated against or denied the benefits of some of the basic services of the jail by reason of his disability, including the use of the toilet, shower, recreational areas, and obtaining meals ... The fact that plaintiff was actually able to use most of the jail services does not preclude his claim in light of the fact he was able to do so only by virtue of exceptional and painful exertion which was contrary to a physician's instructions concerning his disability.

*Id.*

The statute of limitations for a Section 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises."

*Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). *Porter v. Brown*, 289 Fed. Appx. 114, 116 (6th Cir. 2008).

The Court concludes that, for purposes of the initial screening under the PLRA, the Plaintiff's complaint states actionable § 1983 claims against the remaining Defendants for violations of the First and Eighth Amendments to the United States Constitution and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.

In sum, the Court concludes that Plaintiff states colorable First and Eighth Amendment claims under 42 U.S.C. § 1983 and claims under the ADA. 28 U.S.C. § 1915A. Yet, Plaintiff's claims against the Defendants Lawrence County Detention Center, Jimmy Brown, Adam Brewer, Tony Crouch, Jamie Mahar, and Joel Hargrove should be dismissed. Plaintiff's claims for the remaining Defendants' for their alleged failure to respond to grievances fails to state a claim and should be dismissed.

An appropriate Order filed herewith.

**ENTERED** this the 24th day of January, 2015.

William J. Haynes, Jr.
Senior United States District Judge